IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSHUA WILLIAMS; JENNIFER LEWIS; MICHAEL MILLER; PHILLIP KEARNEY; JAY HICKS; JANNA COCHRAN; JULIE ANN SUDERMAN, | Civ. No. 6:21-cv-01332-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| KATE BROWN; PATRICK ALLEN; OREGON HEALTH AUTHORITY, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendants. ECF No. 15. This case is appropriate for resolution without oral argument. For the reasons set forth below, the motion is GRANTED and this case is DISMISSED.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations,"

it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## BACKGROUND

The factual allegations outlined below are drawn from the operative Second Amended Complaint ("SAC").[1] ECF No. 32. Defendants in this case are former Oregon Governor Kate Brown, and former Director of the Oregon Health Authority ("OHA") Patrick Allen.

As part of the State of Oregon's response to the COVID-19 pandemic, the State and then-Governor Kate Brown issued a series of administrative orders and executive orders requiring certain categories of workers be vaccinated against COVID-19 (collectively, the "vaccine mandates,"). As relevant to the present motion, these included (1) administrative rules requiring vaccination for healthcare workers, SAC ¶ 14; (2) an administrative rule requiring vaccination for for school workers, SAC ¶ 15; and (3) an executive order requiring vaccination for Oregon state executive branch employees, *Id.* at ¶ 17. The vaccine mandates did not provide exceptions for

---

[1] Although the filing of the Second Amended Complaint post-dates the Motion to Dismiss, the parties agree that the substantive issues remain the same and that the Court should consider the Motion to Dismiss as applying the SAC. ECF No. 30.

individuals who had acquired "natural immunity" as a result of contracting COVID-19. *Id.* at ¶ 18.

Plaintiffs allege that natural immunity acquired by contracting COVID-19 is at least as effective at protecting against COVID-19 as the vaccines. SAC ¶¶ 62-74.

Plaintiffs have each contracted and recovered from COVID-19. Plaintiffs allege that they enjoy natural immunity as a result of their prior infection and do not wish to receive vaccination against COVID-19. Plaintiffs also allege that they were affected by the vaccine mandates. They are:

(1) Joshua Williams, an EMT and station chief at Aurora Fire and Rescue in Marion County, Oregon. SAC ¶ 19.

(2) Jennifer Lewis, an office manager and treatment coordinator for a medical facility in Klamath County, Oregon. SAC ¶ 25.

(3) Michael Miller, who was an officer working with the Oregon Department of Corrections until he was terminated from his employment in February, 2022. SAC ¶¶ 31, 36.

(4) Phillip Kearney, an investigator for the Oregon Department of Justice in Clackamas County, Oregon. SAC ¶ 37.

(5) Jay Hicks, an officer for the Oregon Department of Corrections in Malheur County, Oregon. SAC ¶ 41.

(6) Janna Cochran, a special education teacher in Washington County, Oregon. SAC ¶ 47.

(7) Julie Ann Suderman who "works in education" in Marion County, Oregon. SAC ¶ 53.

## DISCUSSION

Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 for (1) violation of their Ninth Amendment rights; (2) violation of their Fourteenth Amendment right to due process; and (3) violation of the Fourteenth Amendment right to equal protection. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Defendants move to dismiss each of Plaintiffs' claims.

### I.   Ninth Amendment Claim

Plaintiff's first claim alleges that the vaccine mandate impairs their Ninth Amendment and Fourteenth Amendment right to refuse medical treatment. The Ninth Amendment states "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage other retained by the people." U.S. Const. amend IX. However, the Ninth Amendment "has never been recognized as independently securing any constitutional fight for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). As such, Plaintiffs cannot state a § 1983 claim under the Ninth Amendment and Defendants'

Motion is granted as to this claim. Because Plaintiffs cannot remedy this defect by the allegation of additional facts, dismissal is without leave to amend.

## II. Due Process Claim

Plaintiffs allege that the vaccine mandate violated both their procedural and substantive due process rights. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a prima facie substantive or procedural due process claim, one must, as a threshold matter, identify a liberty or property interest protected by the Constitution." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014).

### A. Procedural Due Process

"The Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090-91 (9th Cir. 2008). To prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) a lack of adequate process. *Id.* at 1090. However, "laws of general applicability affecting a broad geographic area" do not ordinarily implicate individual procedural due process concerns. *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 968-70 (9th Cir. 2003); *Mendez v. City of Boise*, 845 F. App'x 636, 637 (9th Cir. 2021). "General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a

chance to be heard," and "[t]heir rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule." *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915).

Here, as the Court discussed in its prior Order, the challenged vaccine mandates are rules of general applicability and they cannot sustain a claim for violation of Plaintiffs' due process rights. Defendants' motion is therefore granted and this claim is dismissed. Because Plaintiffs cannot remedy this defect by the allegation of additional facts, dismissal is without leave to amend.

### B. Substantive Due Process

"Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013) (internal quotation marks and citation omitted). Only "the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotation marks and citation omitted). "To constitute a violation of substantive due process, the alleged deprivation must shock the conscience and offend the community's sense of fair play and decency." *Sylvia Landfield*, 729 F.3d at 1195 (internal quotation marks and citation omitted). The Supreme Court has held "that the 'shock the conscience' standard is satisfied where the conduct was intended to injure in some way unjustifiable by any government interest or in some circumstances if it resulted from deliberate indifference." *Rosales-Mireles v. United States*, 585 U.S.___, 138 S. Ct. 1897, 1906 (2018) (internal quotation marks and citation omitted).

The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). The Supreme Court has established "a threshold requirement—that a challenged state action implicate a fundamental right—before requiring more than a reasonable relation to a legitimate state interest to justify the action." *Id.* at 722.

As the Court explained in its prior Order, ECF No. 20, the applicable standard of review for Plaintiff's due process claim is rational basis review. *See also Johnson v. Brown*, 614 F. Supp.3d 776, 782 (D. Or. 2022) (applying rational basis review to a due process challenge to Oregon's vaccine mandate); No. 22-55001, *Kheriaty v. Regents of the Univ. of Cal.*, 2022 WL 17175070, at * 1 (9th Cir. Nov. 2022) (*Kheriaty II*) ("Kheriaty fails to offer any appropriate historical example to furnish a 'fundamental right' to be free from a vaccine mandate at the workplace. To the contrary, the Supreme Court upheld a much more onerous vaccine requirement in *Jacobson v. Massachusetts*, 197 U.S. 11, 12-13 (1905). Because he has not asserted a fundamental right, rational basis review should apply." (internal parenthetical omitted)).

Under rational basis review, state conduct is presumed valid and will be upheld so long as it is "rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). "Governmental action is rationally related to a legitimate goal unless the action is clearly arbitrary and unreasonable, having no substantial relation to public health, safety, morals, or

general welfare." *Sylvia Landfield*, 729 F.3d at 1193 (internal quotation marks and citation omitted).

For the same reasons set forth in the Court's previous Order, the Court concludes that the challenged vaccine mandates are rationally related to a legitimate state interest. Plaintiffs dispute this conclusion and assert that their previous COVID-19 infections confer a natural immunity superior to the immunity conferred by the vaccine. In *Kheriaty II*, the Ninth Circuit has considered a nearly identical argument and found that it does not suffice to sustain a claim subject to rational basis review:

> He [Kheriaty] maintains that his scientific studies show that previous COVID-19 infections confer natural immunity and that the school's vaccination policy thus does not advance the health and safety of the university's community. Assuming the validity of his studies' conclusions, as we must, Kheriaty may have a valid policy point in criticizing the school's COVID-19 policy. But under a rational basis review, it is not enough for a party to merely cite scientific studies challenging the government's classification policy. . . . Here, the school cited its own studies that support its vaccination policy—and that is enough for the study to survive rational basis review.

*Kheriaty II*, 2022 WL 17175070, at *2.

Consistent with the Ninth Circuit's conclusion in *Kheriaty*, and for the reasons discussed at length in the Court's prior Order, the Court concludes that the challenged vaccine mandates survive rational basis review. Plaintiffs have, therefore, failed to state a claim for violation of their due process rights and Defendants' motion to dismiss this claim is granted. Because Plaintiffs cannot remedy this defect by the allegation of additional facts, dismissal is without leave to amend.

### III. Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne*, 473 U.S. at 439 (internal quotation marks and citation omitted). To prevail on an equal protection claim, a plaintiff must "show that a class that is similarly situated has been treated disparately." *Boardman v. Inslee*, 978 F.3d 1092, 1117 (9th Cir. 2020) (internal quotation marks and citation omitted). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest," but heightened standards of review apply when suspect classifications like race, alienage, or national origin, are implicated or "when state laws impinge on personal rights protected by the Constitution." *City of Cleburne*, 473 U.S. at 440.

As with substantive due process, courts have routinely rejected the argument that vaccine mandates will trigger heightened scrutiny under the Equal Protection Clause and have instead applied rational basis review. *See, e.g., Kheriaty v. Regents of Univ. of Cal*, Case No. SACV 21-01367 JVS (KESx), 2021 WL 4714664, at *7 (C.D. Cal. Sept. 29, 2021) (*Kheriaty I*) (rejecting heightened scrutiny based on classification of "individuals who have vaccine-induced immunity and individuals who have infection-induced immunity,"); *Kheriaty II*, 2022 WL 17175070, at *2 (9th Cir. 2022) (applying the same rational basis review to both the substantive due process and equal protection aspects of a challenge to a vaccine mandate based on the plaintiff's

infection-based natural immunity). The Court concludes that no suspect classification or fundamental right is implicated and that rational basis review is the appropriate standard.

The rational basis review test is functionally the same under substantive due process and the Equal Protection Clause. *Gamble v. City of Escondido*, 104 F.3d 300, 307 (9th Cir. 1997). Under the Equal Protection Clause, if there is no suspect class at issue, a policy "need only rationally further a legitimate state purpose to be valid." *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 291 (1984) (internal quotations omitted). The Equal Protection clause will be satisfied is there is a "plausible policy reason for the classification," the government decisionmaker relied on facts, that "may have been considered to be true by the governmental decisionmaker," and "the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational." *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992). "Given the standard of review, it should come as no surprise that the [courts] hardly ever strike down a policy as illegitimate under rational basis scrutiny." *Trump v. Hawaii*, 585 U.S.___, 138 S. Ct. 2392, 2420 (2018).

As with Plaintiffs' due process claim, the Court has no difficulty discerning a rational basis for the challenged vaccine mandates. Plaintiff s cannot plausibly allege a claim for violation of the right to equal protection and this claim is likewise dismissed. Because no amendment could remedy this defect, dismissal shall be without leave to amend.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 15 is GRANTED and this case is DISMISSED without leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___30th___ day of September 2023.

                                        /s/Ann Aiken
                                        ANN AIKEN
                                        United States District Judge